## BENJAMIN G. SHIELDS v. JOHN C. BOONE.

The bringing of a suit for land, which is voluntarily abandoned, or dismissed for
want of prosecution, will not interrupt the running of the statute of limita-
tions.

The true interpretation of the last clause of the 14th section of the Act of limit-
ations, of the 5th of February, 1841, providing that "peaceable possession,
"within the scope of this Act, is such as is continuous, and not interrupted
"by adverse suit to recover the estate," does not change the rule prescribed
by the Act of 20th December, 1836, that "a peaceable possession can only
"be interrupted by an actual suit being instituted, and prosecuted agreeably
"to the due forms of law," &c. The object of that law was, to define what is
meant by a peaceable possession; it had no reference to the subject of the
interruption of the statute.

APPEAL from Guadalupe.   Tried below before the Hon. A.
W. Terrell.   Verdict and judgment for defendants.   One of
the grounds stated in plaintiff's motion for new trial, was, "the
"court erred in instructing the jury as follows: the running of
"the statute of limitations, would not be interrupted by the
"bringing of a suit, which was dismissed for want of prosecu-
"tion."   The appellant assigned as error, the giving of such
instruction.

It appeared from the statement of facts, that a suit of John
T. Holman, against John C. Boone, was filed on the 18th day
of March, 1853, in the District Court of Guadalupe county; and
that it was instituted for the recovery of the same land, as that
described in the petition in this suit.   At the Fall term, 1853,
in the month of October, the judgment of the court, in that
case, was rendered as follows: "In this case appeared the

"defendant, by attorney, and the plaintiff not appearing in "person or by attorney, he having been three times called by "the sheriff, and this cause coming on to be heard, it is there- "fore considered and adjudged by the court, that this cause be "dismissed for want of prosecution;" and proceeded further to render judgment, in the usual form, for costs. The other facts are stated in the opinion.

*John T. Harcourt,* for appellant. The leading question involved in this case, is, as to the correctness of the charge of the court. We think this charge, under the facts in the case, was directly in the face of the law. The issue before the court was, whether the defendants had five years' peaceable possession of the land, using and enjoying it, and paying taxes, and claiming under a deed *duly registered.*

The statute defines what is peaceable possession, (Hart. Dig. Art. 2390:) "Peaceable possession, within the scope of this act, "is such as is *continuous,* and not interrupted by adverse suit "to recover the estate." If the statute had required the suit to be effectually prosecuted, then the charge of the court would have been correct. But the legislature was satisfied in declaring that the possession, in order to bar a recovery, should be *continuous,* and not *interrupted* by adverse suit to recover the estate. Now, what is a suit? Blackstone's Com. vol. 3, p. 16, says, "suit, or action, is the legal demand of one's right."

When the suit was filed on the 18th March, 1853, by John T. Holman, against the defendant, Boone, to recover the land in controversy, there was a legal demand made for the land, and that suit remained upon the docket, until the month of October, 1853; more than six months. As soon as that suit was filed, the statute of limitations ceased to run; the peaceable possession ceased to be *continuous;* it was *interrupted* by an adverse suit to recover the estate.

The charge of the court was predicated upon the doctrine maintained in Angell on Lim. § 346, "That in no case of a voluntary abandonment of an action, has an exception to the

statute been supported." This was the language of the Supreme Court of the United States, in construing the Maryland statute of limitations. That statute undertook to provide a limitation for all actions, and to enumerate all cases in which exceptions should be made. (Richards v. Maryland Ins. Co., 8 Cranch's Rep. 84.) We cannot see any authority, in that case, for the construction given to our statute. Our legislature intended to cut off all inquiry, and all controversy, by defining, in plain words, what they meant by "peaceable possession;" and we apprehend, that no words will be added, by judicial construction, to the plain language of the statute, in order to give effect to the plea of the statute of limitations.

To sustain the charge of the court, the words "effectually prosecuted" must be added, after the word *suit*, in the statute. If we, by construction, can say that the suit must be "effectually prosecuted," in order to *interrupt* the statute, may we not interpolate, with equal propriety, any other words to suit the occasion, and thus destroy all that certainty and security, which the act was intended to provide? The argument used against the construction we contend for, is, that suits for the recovery of the land, might be instituted, *ad libitum*, merely for the purpose of arresting the statute of limitations, and then abandoned; "and by an artifice of this kind, he would be enabled to pro- "tract the trial, until the defendant had lost his evidence." This may be a legitimate argument against the policy of the statute, but it can have no weight, when urged in favor of a construction of the law that is in violation of its plain letter and spirit. If the law be defective, in this regard, let it be amended by the law-making power. But we apprehend that, in practice, the law would not be obnoxious to this objection. Litigants are not often charged with such playful tardiness, in the assertion of their rights to real estate.

It is contended, that the legislature intended to guard against such an abandonment of actions of trespass to try title to lands, by the act of 5th February, 1840, (Hart. Dig. Art. 3226,) which requires, "That in all actions of trespass to try title to

"land, commenced within the term limited by law, the plaintiff "shall proceed, with all convenient expedition, to the trial of "the same."

We deny that such a construction is fairly deducible from the language of the act. The obvious intent was, to prevent cases from becoming *chronic* on the docket; to insure a speedy trial, after the institution of the suit. This provision certainly cannot affect the plain definition of "peaceable possession," or render *uninterrupted* that which has been directly *interrupted*.

*J. Ireland*, for appellee.

BELL, J.—The appellant, in this cause, was the plaintiff in the court below. He instituted suit to recover from the defendant, five hundred acres of land, part of the Samuel Highsmith league. The defendant claimed the whole league, under a conveyance from one Lockhart, who had purchased the same at sheriff's sale. The plaintiff showed title in himself, and the defendant was forced to rely on the statute of limitation of five years. To repel the plea of the statute, the plaintiff offered in evidence the record of a suit instituted by one Holman, plaintiff's vendor, against Boone. The suit, by Holman, was instituted in the spring of 1853, and was dismissed, in the fall of that year, for want of prosecution.

The question presented by the record is, whether or not, the suit of Holman was an interruption of the statute of limitations, which had begun to run in favor of Boone.

If the time, during which Holman's suit was pending, is to be carved out of the time during which Boone held the possession, using, cultivating, and enjoying the land in controversy, and paying taxes thereon, then the plea of the statute cannot be maintained: otherwise, if the suit instituted by Holman, and dismissed for want of prosecution, did not interrupt the running of the statute; for then, the plea of the statute was fully supported by the proof.

The instructions of the judge to the jury do not appear in

the record. There was, however, a motion for a new trial, which purports to contain the charge of the court, as to the effect of Holman's suit, upon the running of the statute. Another ground of the motion for the new trial, was, that the judgment is contrary to the law and the evidence.

The record of Holman's suit, is a part of the statement of facts, having been introduced in evidence by the plaintiff, to repel the plea of the statute of limitations. It thus becomes necessary to decide, what effect the suit of Holman had upon the running of the statute, in order to determine whether or not the judge below erred, in overruling the motion for a new trial.

It is obvious, from the record, that the judge instructed the jury that Holman's suit, having been dismissed for want of prosecution, did not interrupt the running of the statute of limitations, in favor of Boone, the defendant in possession.

The general doctrine is well settled, that a suit voluntarily abandoned, does not interrupt the statute of limitations. (See Angell on Lim. § 327, and cases there cited.) But it is contended, on the part of the appellant, that the last clause of the 14th section of the Act of limitations of the 5th of February, 1841, furnishes an exception to the general rule, and that it results from a proper construction of that clause, or rather from the very letter of the clause, that an adverse suit, to recover the estate from the party in possession, interrupts the running of the statute. The language of the statute is as follows: "Peaceable possession, within the scope of this act, is such as "is continuous, and not interrupted by adverse suit to recover "the estate." If this provision of the statute is to be understood according to its very letter, then it would follow, that an adverse suit by A, against B, might be pleaded, in a subsequent action by C, against B, for the same estate, as an interruption of B's possession; even though no privity existed between A and C. No one would contend for a proposition so absurd ; and the statement of the proposition, is an answer to the argument in favor of a strictly literal construction of the statute. But, even in a strictly literal sense, it may be said, that "a suit to

recover an estate," necessarily involves the idea of a prosecution of the suit to effect. It cannot be supposed, that laws would be enacted, in reference to a thing so idle as the commencement of suits, and the voluntary abandonment of them. It would be charging the legislature with great folly, to suppose that they ever intended to enact, that the institution of a suit, and the voluntary abandonment of it, could secure to a party any rights. Much less can we suppose that the legislature intended, in the enactment of a law for the avowed purpose of protecting persons who have held estates for a certain length of time, to declare that suits instituted and voluntarily abandoned, would have the effect to stop the running of the statute in favor of those, whose possession, it was the object of the law-makers to protect. The object of the law-makers, in the clause before us, was to define what is meant by a peaceable possession. Their minds were not particularly directed to the subject of the interruption of the statute.

In the act of 20th December, 1836, it was said, that "a peace-"able possession can only be interrupted by an actual suit being "instituted, and prosecuted agreeably to the due forms of "law," &c. We do not think the legislature intended to change this rule.

We are of opinion, then, that a suit, voluntarily abandoned, or dismissed for want of prosecution, will not interrupt the running of the statute of limitations, in favor of a defendant in possession.

There are other errors assigned, which we do not think it necessary to notice. The judgment is affirmed.

Judgment affirmed.