THOMAS J. CHAMBERS v. WILLIAM D. SHAW, ADMINISTRATOR,
AND OTHERS.

The remedy for the revision of an error, in the dismissal of a suit for want of
prosecution, or for the refusal, at another term, to reinstate the case, is by
appeal, or writ of error; and not by a second application for the same relief,
at a subsequent term in the same court.

Where the plaintiff seeks to reinstate a case, which has been dismissed for
want of prosecution, and it does not appear that the dismissal of the suit,
was caused by anything, except his own *laches*, it is not error, to refuse the
application.

A former suit, brought by the plaintiff, for the same land, against the defen-
dants, but dismissed for want of prosecution, does not interrupt the running
of the statute of limitations, unless the failure to prosecute, has been satis-
factorily accounted for.

ERROR from Galveston.    Tried below before the Hon. N. H.
Munger.

This suit was commenced on the 25th day of August, 1847,
by the plaintiff in error, against the defendants in error, for a
league of land.

The plaintiff alleged, that on the 29th day of January, 1844,
he instituted a suit for the same land, against Jones Shaw and
William Dorsett, in the District Court of Galveston county, and
in his petition set forth the contents of the petition in that suit;
he also alleged, that he employed John W. Harris, Esq., a
practising attorney of said court, to attend to, and conduct the
suit in his behalf; that the papers of the suit were lost or mis-
laid for a considerable length of time, so that nothing could be
done therein; that afterwards, at the Fall Term of the court,
in the year 1845, the papers re-appeared therein, and the cause
was dismissed in the absence of his said attorney, for want of
prosecution, so that it operated as a surprise upon his said at-
torney: and the plaintiff, therefore, renewed the said suit against
Amanda C. Shaw, the widow of Jones Shaw, who had departed
this life, the children of the said Jones Shaw, (naming them,)
and the said William J. Dorsett.    Prayer for process against

the said defendants, and for judgment against them, for the land, and costs of suit from its first institution, on the 29th day of January, 1844.

The plaintiff amended his petition, by alleging, that the dismissal of the case, was not a *voluntary* abandonment of the suit, but was entered or made without his wish or control, and in his absence; and by praying that the dismissal of the former action might be set aside; the case re-instated upon the docket, as it was before the dismissal aforesaid; and a trial and judgment then had in that action, in favor of petitioner, as in the petition, the same was prayed for; or, that a trial might be had in this case, and that a judgment might be rendered in his favor, for the said land.

The defendants relied on their plea of the statute of limitations of three years; the plea of "not guilty," and other defences were pleaded.

On the trial before the court, of the question, as to setting aside the order dismissing the case, made at the Fall Term, 1845, John W. Harris, Esq., testified that he was employed by the plaintiff, as his counsel, to attend to the prosecution of the action of trespass to try title, brought by him against Jones Shaw, *et al.*, in the District Court of Galveston county; that he attended to the same; that for several terms before the Fall Term of said court, in the year 1845, the cause was continued, because the papers were missing; did not know who had them, or where they were; he did not have them, until after the term at which the suit was dismissed; was in constant attendance at the term when the case was dismissed; was satisfied he was in court, on the second day of the term, that being the day on which the dismissal was made, in the fall of the year 1845; and he never heard anything of the dismissal, until after the close of the term. He was satisfied, that it never was the intention of the plaintiff to abandon said suit, but was well convinced, that he intended to prosecute it.

The plaintiff made affidavit, that he was not in attendance at the Fall Term of the District Court of Galveston county, in the

year 1845, when the suit was dismissed, and was not in Galveston at the time, and that the papers of the suit, were not then in his possession, and had not been, for a long time previous thereto; and that he had no intention of abandoning the prosecution of the suit when it was dismissed, or at any time; and he relied on Mr. Harris to attend to it.

The defendants introduced James W. Moore, who testified, that the papers, before the dismissal, were out of the clerk's office; they were not in the office when he, as deputy clerk, made out the docket for the Fall Term, 1845. He stated, that the plaintiff had them, and they were returned by Mr. Harris, after the dismissal, and at the same term; as to these facts, however, he might be mistaken, but was positive, that in the spring of 1845, the papers were not then in the office, and thought that the plaintiff then had them. After the term at which the suit was dismissed, Col. Allen and the plaintiff, had the papers, and it might be, that after that, it was, that Mr. Harris returned them.

An entry from the minutes of a former term, (the record did not show of which term,) was read, which recited the filing by the plaintiff, of a motion to re-instate the said cause, and "upon consideration thereof it is considered and adjudged, that said motion be overruled, and that the plaintiffs pay all costs."

In addition to the prayer of the petition to re-instate, &c., the plaintiff filed a formal motion to the same effect; the judgment of the court was, that the motion be overruled, and that this case stand as an original suit, on the petition filed on the 25th day of August, 1847.

The court instructed the jury, on the trial of this cause, that if the defendants, and those under whom they claimed, had been in possession of the land sued for, under title or color of title, and claiming it in their own right, or adversely to the plaintiff, three years *next before the commencement of this suit*, then, the claim of the plaintiff was barred. The instructions of the court defined the elements, which must sustain the plea; and also instructed them that the bar of limitation was not interrupted by the institution of the suit, filed on the 29th day of January,

1844, and dismissed on the 21st day of October, 1845, but that the limitation ran against the plaintiff up to the 25th day of August, 1847, the time of filing this suit.

To this charge the plaintiff excepted, and asked the court to instruct the jury that:

"If an action was commenced by Chambers, within three years next after the passage of the act of 1841, against Jones Shaw, said Shaw being in possession, such suit interrupted the running of the statute; though such suit might have been dismissed, if not dismissed in such manner as to show a voluntary abandonment of, and the dismission of such suit, a new action might be commenced within three years," (from the taking effect of the act of 1841,) "without being subject to the bar of the said fifteenth section."

This charge the court refused to give, and the plaintiff excepted.

The defendants claimed under a patent from the government, to Jones Shaw; the survey by virtue of the certificate to Shaw, on which the patent issued, was made between the 1st of February, 1838, and the 10th day of March, 1838. Continuous possession of Jones Shaw, and the defendants in this case, was proved, from the settlement on the land in 1837, up to the date of the institution of this suit.

Verdict and judgment for the defendants.

*R. Hughes,* for the plaintiff in error.

*B. C. Franklin & F. H. Merriman,* for the defendants in error.

WHEELER, C. J.—There manifestly was no error in refusing to re-instate the former suit. If there was error in the dismissal of that suit, or the refusal to re-instate, at a former term, the remedy was by appeal, or writ of error, and not by a second application at a subsequent term, in the same court.

But there was no error.   The evidence in support of the application gives us no reason to suppose that the dismission of the suit was caused by anything but the plaintiff's own *laches*.   No sufficient excuse is shown for the failure to prosecute, or to move in proper time to reinstate the cause.

That a former suit, dismissed for the want of prosecution, does not interrupt the running of the statute of limitations, unless the failure to prosecute has been satisfactorily accounted for, must be considered as settled by the case of Shields v. Boone, (22 Texas Rep. 193,) lately decided at Austin.   There having been no interruption of the statute by the former suit, the plaintiff's right of action was plainly barred at the time of instituting this suit.

There manifestly is no error in the judgment, and it is affirmed.

Judgment affirmed.