SUN MUTUAL INS. CO. v. M. LEVY

(No. 2953.)

APPEAL from Bowie County.  Opinion by WILLSON, J.

ESTES & HENRY and HENRY & HENRY, counsel for ap-
pellants.

TODD & HUDGINS, counsel for appellee.

§ 428. *Limitation not interrupted by suit, when; case
stated.*  Appellee sued appellant upon a policy of insur-
ance and recovered judgment.  The policy of insurance
contained a stipulation that suit should not be brought
thereon after the lapse of twelve months from the proof
of loss.  The original petition was filed within twelve
months after the proof of loss, but said original petition
misdescribed the premises insured, and because of this
defect appellee, on the trial, not being able to introduce
his evidence, took a nonsuit.  He moved to set aside the
nonsuit, which motion was granted, and he then filed
an amended petition, correcting the mistake in his orig-
inal petition.  Appellant interposed the plea that the
cause of action as set up in said amended petition was
barred by said limitation stipulation in the policy, which
plea was overruled.  *Held*, that the cause of action was
barred, more than twelve months having elapsed from
the proof of loss to the time of the reinstatement of said
cause and the filing of said amendment, although said
nonsuit was set aside at the same term at which it was
entered, and although said amendment was filed at the
time said nonsuit was set aside.  It is well settled that
the institution and pendency of a suit, the prosecution of
which is abandoned by the plaintiff, or in which he takes
a nonsuit, does not, as a general rule, interrupt the run-
ning of limitation.  [1 App. C. C. § 806; Shields v. Boone,
22 Tex. 193; Hughes v. Lane, 25 Tex. 356; Angell on
Lim. § 328; Wood on Lim. § 296.]  It is well settled that
the stipulation as to limitation in the policy is a valid

one. [Ins. Co. v. Lacroix, 45 Tex. 159; Wood on Lim.
pp. 80, 81, sec. 42.]

October 27, 1888.          Reversed and remanded.

NOTE.— Our supreme court has recently held contrary to the above
doctrine. _ Childs v. Shields, Sup. Ct., Galveston Term, 1889.