SCHLATHER v. GROBE et al. (No. 6804.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 25, 1922. Rehearing Denied Jan. 10, 1923.)

1. Limitation of actions ⬤⇒27—Employé's claim for amount due under oral contract barred after two years from termination of contract.

An employé's claim for an amount due under an oral contract, when superseded by a new contract with a firm formed by his employer and another, was barred where suit was not commenced within two years after the original contract was terminated.

2. Partnership ⬤⇒238—New partner held not liable for debt to employé under superseded contract.

The act of an employé, having exclusive control of the books of his employer and those of a new concern formed by the latter and another, in carrying forward from the old to the new books an item showing the amount found due him under his original contract of employment when superseded by a new contract with the firm, did not impliedly make the new partner liable for any part of the debt.

3. Appeal and error ⬤⇒1062(2)—Refusal to submit issue submitted in main charge not error.

Refusal to submit a special issue submitted, at least in effect, in the court's main charge, is not error.

On Motion for Rehearing.

4. Master and servant ⬤⇒80(13)—Profits held question for jury.

Whether an employer contracting to pay an employé a share of the net profits of the business earned any profits in a year for which the

books, as kept by the employé, showed a profit, *held* for the jury.

Appeal from District Court, Guadalupe County; M. Kennon, Judge.

Action by A. H. Grobe and another against Ernest Schlather. From a judgment for defendant for an insufficient amount, he appeals. Reversed and remanded.

Dibrell & Mosheim, of Seguin, for appellant.

Wurzbach, Wirtz & Weinert, of Seguin, for appellees.

SMITH, J. The parties, appellant and appellee, each sued the other in the court below, but the two actions were consolidated, with appellees Grobe in the position of plaintiffs, and appellant, Schlather, in the position of defendant. The pleadings of the parties, including an intervener, cover 63 pages in the record, but the nature of these pleadings will be set out only when and to the extent necessary to this opinion. The cause was tried by a jury upon special issues, resulting in a judgment in favor of Schlather for $451.54, from which he has appealed.

Appellee A. H. Grobe was engaged in the general mercantile business, including the purchase and sale of cotton, in the town of Cibolo, in Guadalupe county. On January 1, 1915, he employed appellant, Schlather, to work in the store and to manage the business, agreeing to pay him $50 a month and one-sixth of the net profits derived therefrom. This arrangement continued until January 1, 1919, when A. H. Grobe sold a half interest in the concern to his brother, Otto Grobe, and the new partnership employed Schlather to continue his employment, agreeing to pay him $50 a month during the year 1919 and $60 a month during the year 1920, and to also allow him one-eighth of the net profits from the business. This arrangement terminated in January, 1921, and this litigation followed.

The jury found the amount due Schlather, in response to a special issue submitted to them in which they were directed not to consider an item of $1,400 claimed by Schlather to be due him on January 1, 1919, and an item of $832, alleged to have accrued to him as his share of the profits of the business in the year 1919. The sum of these two items, when added to the actual recovery, approximate the amount appellant sued for, and the whole of appellant's complaint centers about this disallowance. It is not made clear in the record just why the court excluded these items from consideration. It seems to be conceded, however, that the $1,400 item was excluded as being barred by limitation. It is also contended by appellees that, as this item accrued prior to Otto Grobe's entry into the firm, and that as the latter did not expressly assume to pay all or any part of the item, it could not be charged to the partnership, while appellant contends that the item was expressly assumed by the partnership, or, if not expressly assumed, such assumption must be implied from the subsequent conduct of the partners in carrying it into, and keeping it upon their partnership books.

[1] On the question of limitation it is undisputed that the original contract of employment by A. H. Grobe individually fully terminated on January 1, 1919, when it was superseded by a new and different contract between him and the firm, composed of both the Grobes. On this date the account, under the first contract, was balanced, showing that A. H. Grobe owed Schlather $1,400, according to the jury's findings. We think that, as to this item, limitations began to run when the balance was struck, and the contract under which it accrued was terminated. As this contract was not in writing, the two-year statute applied; and, as suit was not commenced within that period, the claim of Schlather was barred, as impliedly found by the trial court.

[2] It is contended by Schlather that Otto Grobe, when he purchased a half-interest in the business from A. H. Grobe, assumed to pay one-half of this item, either expressly or by implication. There is no evidence whatever of an express assumption, and we do not think the act of Schlather, who had exclusive control of the books of both the old and new concerns, in carrying the item forward from the old to the new books, had the effect of making Otto Grobe liable for the debt, either wholly or in part, as contended by Schlather. What we have said here, then, disposes of the question of limitation, as well as of the refusal of the trial court to submit to the jury the issue of whether or not Otto Grobe assumed to pay one-half the debts of the original firm. The appellant's first and seventh assignments of error, raising these questions, will be overruled.

[3] In his second assignment of error appellant complains of the refusal of the court to submit a special issue designed to elicit from the jury a finding as to the amount of salary and commissions due him. This assignment will be overruled. This issue, at least in effect, was submitted in the court's main charge.

In submitting the case to the jury, the court directed them to not consider an item of $832 alleged to be due Schlather as his pro rata of the net profits earned by appellees in the year 1919. The testimony seems to conclusively show that the firm actually earned no profits during the year 1919, and the jury found that the firm's loss on cotton purchased by it that year alone amounted to nearly $15,000. It seems that appellant, who, as stated, had exclusive charge of the firm's books, had the books show a profit that year,

but his testimony in detail discredited that showing and showed a loss, in fact, instead of 'a profit. The third, fourth, fifth, and sixth assignments of error raising this question will be overruled.

The judgment is affirmed.

### On Motion for Rehearing.

[4] We have concluded that the trial court erred in withholding from the jury the issue of whether or not appellant earned any profits in the year 1919, and, if so, the amount of such profits. For this reason, appellant's motion for rehearing is granted, the judgment will be reversed, and the cause remanded. The findings of fact contained in the last paragraph of the original opinion will be withdrawn, and the matters there discussed will be left open without prejudice to their adjudication upon another trial.

Motion granted.