## GAY v. CROW.
### No. 1925.

Court of Civil Appeals of Texas. Waco.

Oct. 21, 1937.

Rehearing Denied Jan. 6, 1938.

W. L. Eason and H. S. Beard, both of Waco, for appellant.

Frank Fitzpatrick and ·W. V. Dunnam,. both of Waco, for appellee.

ALEXANDER, Justice.

J. A. Crow sued N. M. Gay to recover certain alleged unpaid salary. He alleged,. in effect, that he had been working for Gay for a number of .years at $100 per month, and that shortly prior to March 17, 1932, Gay requested him to take over certain additional duties and orally agreed' to pay him therefor $50 extra per month.. He alleged that he continued in the service of the defendant under said agreement until he was discharged on the 17th day.

*Second motion for rehearing denied Feb. 3, 1938.

of August, 1934, and that although the defendant paid him his regular salary of $100 per month as it accrued, he afterwards refused to pay plaintiff said extra $50 per month. He sued to recover said compensation at the rate of $50 per month from March 17, 1932, to August 17, 1934. A trial before a jury resulted in a verdict for plaintiff, whereupon the trial court rendered judgment for the plaintiff for the 29 months' salary at $50 per month and interest, or a total of $1,599.82, with 6 per cent. interest from May 7, 1936. The defendant appealed.

■ The appellant complains of the failure of the trial court to sustain several special exceptions directed at plaintiff's petition. These exceptions complain of the form of the petition on the ground that the same "consists of argument, statements of evidence, opinions, conclusions and irrelevant and immaterial matters." There is no showing that the defendant, by reason of the form or substance of the petition, was surprised or prevented from presenting his evidence or otherwise injured by the ruling of the trial court on these exceptions. For that reason, no reversible error is presented. Golden v. Odiorne, 112 Tex. 544, 249 S.W. 822, par. 5; 33 Tex.Jur. 609; 13 Tex.Law Rev. 340.

■ Appellant contends that a part of appellee's cause of action accrued more than two years prior to the filing of the suit and was therefore barred by limitation. Appellee filed his suit on October 17, 1934, to recover salary at the rate of $50 per month, alleged to be due him for services rendered from March 17, 1932, to August 17, 1934. He alleged that at the time the oral contract was entered into, it was understood that such extra salary to be paid him "would not be paid monthly but that the same would accumulate in this plaintiff's favor from said 17th day of March 1932 until such time as plaintiff would leave the employment of said defendant, or until such time as said defendant would sell or otherwise dispose or terminate his loan business aforesaid, and that said sum would be due and payable at said date." Appellee testified as follows:

"Q. What was said about the manner and mode as to how this $50.00 would be paid, if it was to be paid? A. At any time he dispensed with my services or I quit, or when he sold his business out. * * *

"A. That I was to let my $50.00 a month alone and draw it when I had to have it, or when he dispensed with my services, or when he sold his business."

Appellee quit appellant's business, or was discharged by him, in August, 1934. The maturity of the debt was subject to the happening of one of the contingencies above set out. There was no finding by the jury that either of these contingencies occurred more than two years prior to the filing of the suit, and no request by appellant for a finding thereon. The cause of action is controlled by the two-year statute of limitation. Vernon's Ann.Civ. St. art. 5526. The burden was on appellant to prove and secure a finding from the jury that a part of the salary became due and payable the statutory length of time prior to the filing of the suit. 28 Tex.Jur. 298–302. In the absence of such finding or a request for such finding, the trial court properly held that no part of the cause of action was barred by limitation.

■ Appellant asserts that the judgment is excessive. The court awarded judgment for $50 per month for services rendered from March 17, 1932, to August 17, 1934, a period of 29 months, with interest. The jury found that appellant agreed to pay appellee extra salary of $50 per month for the services rendered after March 17, 1932. The evidence is undisputed that appellee continued to work for appellant and perform the services in connection therewith until August 17, 1934, but appellee himself testified that one week prior to his leaving appellant's service, he and appellant mutually agreed that the contract to pay $50 per month as extra salary would terminate and that during the following week he worked on an agreed salary of $25 per week and was paid therefor. S.F. pp. 31, 32. Consequently, appellee was entitled to recover under his alleged contract for only 28 months and 3 weeks instead of 29 months as allowed by the trial court.

The judgment will be reformed by deducting the amount of 1 week's salary and interest, thereby reducing the judgment to $1,586, with 6 per cent. interest from May 7, 1936, and, as so reformed, will be affirmed.