We answer the first certified question as follows:

■ Under the Constitution and laws of this State, a voter subject thereto must pay his city poll tax at the time required by law, in order to qualify as a legal voter in any election in this State. Obviously, this answer makes it unnecessary to answer the second certified question.

**FLATONIA STATE BANK et al. v. SOUTHWESTERN LIFE INS. CO.**

**No. 2213—7269.**

Commission of Appeals of Texas, Section A.

May 31, 1939.

For former opinion, see 127 S.W.2d 188.

E. A. Arnim, Jr., of La Grange, and Eskridge & Groce, of San Antonio, for Flatonia State Bank.

W. B. Green, of Nixon, and Edw. H. Moss and Moss & Moss, all of LaGrange, for Cockrill.

Hamilton, Lipscomb, Wood & Swift, of Dallas, for Southwestern Life Ins. Co.

HICKMAN, Commissioner.

The Insurance Company and the Bank have joined in a motion for rehearing in which it is pointed out that there was sufficient evidence in the record for a determination of the amount of attorney's fees and penalties to be awarded. The Insurance Company expresses the desire to require no further litigation in the matter, since its rights and liabilities have been finally adjudicated. These parties jointly request this court to set aside its judgment heretofore entered herein, in so far as it remanded the cause to the trial court, and, in lieu thereof, to render judgment as follows:

"1. That plaintiff Goldie Cockrill take nothing by this suit.

"2. That the Clerk of the District Court of Fayette County be ordered to pay to the Flatonia State Bank the amount deposited in the registry of the court by the Southwestern Life Insurance Company on April 30, 1934, to-wit, $874.82, and any interest which might have accrued.

"3. That the Flatonia State Bank do have and recover of and from the Southwestern Life Insurance Company the sum of $5891.23.

"4. That all costs of suit herein be adjudged against the Southwestern Life Insurance Company."

Their joint request is granted. The judgment heretofore rendered reversing the judgments of the Court of Civil Appeals and the trial court and remanding the cause to the latter court for retrial is set aside, and, in lieu thereof, judgment will be entered reversing the judgments of the Court of Civil Appeals and the trial court and rendering judgment in accord-ance with the request of the parties above quoted.

Mrs. Goldie Cockrill, through her counsel, has filed a motion for rehearing which deserves and has received careful consideration, but we are well convinced that the bank did not voluntarily abandon its suit on the note by electing to pursue the course outlined in its amended pleadings, and her motion is accordingly overruled.

Our order is that the motion for rehearing of Mrs. Goldie Cockrill be overruled, and that the joint motion of the Bank and the Insurance Company be granted.

Opinion adopted by the Supreme Court.