**Joe A. IRWIN, Appellant,**

**v.**

**George V. BASHAM, Jr., Appellee.**

**No. 7326.**

Court of Civil Appeals of Texas, Beaumont.

Feb. 24, 1972.

Rehearing Denied March 16, 1972.

John R. Bryant, Dallas, for appellant.

Bowyer, Thomas & Sweet, Dallas, for appellee.

STEPHENSON, Justice.

This is an appeal from an order granting defendant's motion for summary judgment on the ground that plaintiff's cause of action was barred by the two and four year statutes of limitation. Plaintiff, Joe A. Irwin, had sued defendant, George V. Basham, Jr., for profits arising out of some real estate dealings in which the parties had been involved. The parties will be referred to here as they were in the trial court.

Plaintiff alleged that they entered into an oral agreement in 1960 which constituted a "joint endeavor" wherein plaintiff would locate suitable real estate, defendant would finance the deal, and the parties would share the profits equally. Plaintiff alleged a breach of such contract in filing his suit in December, 1967. Defendant answered that the cause of action, if any, accrued on the 19th day of April, 1962, when plaintiff executed and delivered a full release to defendant and, consequently, plaintiff's cause of action was barred by the two and four year statutes of limitation. Plaintiff sought to avoid the effect of the release by pleading lack of consideration, fraud, mutual mistake, estoppel and waiver. Defendant then answered that plaintiff's effort to set aside the release was barred by the two and four year statutes of limitation. The only reason given by the trial

court for granting the motion for summary judgment is as follows:

" . . . the Court . . . is of the opinion and finds that the Plaintiff's cause of action is barred by the Two- and Four-Year Statutes of Limitation . . . ."

These theories of recovery both as to breach of the oral contract and to set aside the release being alleged by plaintiff, defendant had the onerous burden on this motion for summary judgment of establishing as a matter of law that there was no genuine issue of fact as to any of the essential elements of plaintiff's cause of action. Gibbs v. General Motors Corporation, 450 S.W.2d 827, 828 (Tex.Sup.1970). The rules governing our consideration of this case are now well settled. We quote from Smith v. Bolin, 153 Tex. 486, 271 S. W.2d 93, 94 (1954):

"In determining the question of whether or not material issues of fact were raised by the evidence, the court must, under the law, first view all the evidence in the light most favorable to the petitioners; disregard the conflicts in the testimony; and indulge, in favor of the petitioners, every intendment reasonably deducible from the evidence. White v. White, 141 Tex. 328, 172 S.W.2d 295; Fitz-Gerald v. Hull, 150 Tex. 39, 237 S. W.2d 256."

The last sentence in defendant's motion for summary judgment reveals to this court that defendant was not aware of the burden he had in order to sustain his motion. That sentence shows defendant was under the impression plaintiff had the burden of proving his cause of action on this motion, the same as if this had been a trial upon the merits. Defendant's counterpoints filed in this court, together with the arguments, all give this same indication.

A careful study of all of the evidence the trial court had before it, the depositions and affidavits included in our record, all show defendant made no effort to ne-

gate plaintiff's theories of recovery, and certainly did not accomplish that result as a matter of law. This case must be returned to the trial court for a trial on its merits.

Reversed and remanded.