**Joe A. IRWIN, Appellant,**

v.

**George V. BASHAM, Jr., Appellee.**

**No. 18256.**

Court of Civil Appeals of Texas, Dallas.

Jan. 31, 1974.

Rehearing Denied Feb. 28, 1974.

against George V. Basham, Jr. for profits alleged to be due him as a result of real estate dealings between them. We affirm.

The parties entered into an oral agreement in January 1960 for the purpose of doing business together in acquiring, developing, and disposing of real estate and interests therein for profit. Basham was to furnish the necessary funds, office facilities and bookkeeping services, while Irwin agreed to locate and purchase and sell the real estate. Title to all such property was to be taken in Basham's name, and the parties agreed to share equally in the profits of the business. Basham advanced to Irwin $100 per week against his share of the profits.

Three similar suits had been filed on the same cause of action. The first was filed on June 1, 1967, as a petition for intervention in another suit. This intervention was dismissed without prejudice on June 29, 1967. The second was filed July 8, 1967, and was dismissed voluntarily by Irwin. The third (No. 67–11259–G) was filed on December 10, 1967, and in that case summary judgment was rendered for Basham. However, that judgment was reversed and remanded because Basham had not carried his burden of establishing as a matter of law that there was no genuine issue of fact as to any of the essential elements of Irwin's cause of action. Irwin v. Basham, 478 S.W.2d 110 (Tex.Civ.App.—Beaumont 1972, writ ref'd n.r.e.) After remand, the case went to trial, but on October 18, 1972, before the trial was completed, Irwin took a nonsuit. The present suit, No. 72–8966–B, involving the same issues, was filed on November 30, 1972. Basham answered by general denial and by pleading the two- and four-year statutes of limitations, and that the cause of action was barred by a written release dated April 19, 1962. Irwin then filed a supplemental petition attacking the release for lack of consideration, as being unconscionable, and invalid because of mutual mistake, waiver and estoppel.

John R. Bryant, Dallas, for appellant.

William W. Sweet, Jr., H. T. Bowyer, Bowyer, Thomas & Sweet, Dallas, for appellee.

BATEMAN, Justice.

Joe A. Irwin appeals from a summary judgment that he take nothing in his suit

*The Release*

After the reversal of the judgment in suit number 67–11259–G the oral deposition of Irwin was taken and it is part of the summary-judgment evidence in the record now before us. We do not find it necessary to discuss the questions raised concerning the validity of the release since we conclude that Basham has established his defense of limitation as a matter of law.

*Limitations*

The statutes in question (Vernon's Tex. Rev.Civ.Stat.Ann. arts. 5526, 5527, 5529 (1958)) are in pertinent part substantially as follows:

Article 5526 bars in two years actions for debt not evidenced by a contract in writing.

Article 5527 bars in four years actions for debt evidenced by or founded upon a written contract; also actions by one partner against his co-partner for settlement of the partnership accounts. It also provides that "the cause of action shall be considered as having accrued on a cessation of the dealings in which they were interested together."

Article 5529 bars in four years every other action than for the recovery of real estate, to which no other limitation statute applies.

■ Irwin argues that since this is a partition suit no statute of limitation applies. We do not agree. The authorities he cites all relate to land partition suits. This is not such a suit; it is one for accounting and to recover a share of profits alleged to have been realized from the business in which the parties had been engaged. Even if the parties could be considered as cotenants of land, or of profits from the operation, the appropriate statute of limitations began to run when Basham repudiated the rights of Irwin as cotenant and Irwin had notice of such repudiation. 15 Tex.Jur.2d, Cotenancy, § 29, at 193;

Wingo v. Rudder, 103 Tex. 150, 124 S.W. 899 (1910).

It appears conclusively from the evidence that in April 1962 Basham repudiated the agreement and denied that Irwin had any further interest in the operation and that this repudiation was accepted and acted upon by Irwin. In our opinion, therefore, Irwin's cause of action, if he had one, accrued at that time and that limitations began to run from that date.

■ Both parties in their depositions denied that they were partners. If that is true, it appears to us to be inescapable that Irwin was Basham's employee. In that event Irwin is faced with the two-year statute, Article 5526. Krueger v. Young, 406 S.W.2d 751 (Tex.Civ.App.—Eastland 1966, writ ref'd n. r. e.); Gay v. Crow, 111 S.W.2d 782 (Tex.Civ.App.—Waco 1937, writ dism'd); Schlather v. Grobe, 246 S.W. 414 (Tex.Civ.App.—San Antonio 1922, no writ).

■ If, on the other hand, the true relationship was a partnership, Irwin's case would be governed by the four-year statute, Article 5527, which provides that the cause of action for settlement of partnership accounts shall be deemed to have accrued on cessation of dealings in which they were interested together. Price v. Wrather, 443 S.W.2d 348, 353 (Tex.Civ. App.—Dallas 1969, writ ref'd n. r. e.).

■ If neither the employer-employee relationship nor a partnership existed, Article 5529 would apply, and it is also a four-year statute. Under all three of these statutes it is essential to determine when the cause of action accrued. It appears clear to us that this occurred in April 1962, but if not, then it certainly accrued no later than June 1, 1967, when Irwin filed his intervention in the other suit pending against Basham. That intervention was dismissed on June 29, 1967 "without prejudice to the refiling of same." Irwin then, on July 8, 1967, filed the second suit (No. 67–6483–I).

██ If it be considered that the cause of action accrued in April 1962, it was barred by the two- as well as the four-year statutes of limitations before the first suit, or intervention was filed on June 1, 1967. If, however, the cause of action accrued on June 1, 1967 the limitation statute was suspended during the twenty-eight days elapsing between the filing and the dismissal of the intervention. It began running again on June 29, 1967, the date of dismissal. It would have been tolled again upon the filing of the second and third suits but for the fact that in both of those cases Irwin voluntarily nonsuited. The general rule is recognized that "a suit voluntarily abandoned does not interrupt the statute of limitations." Shields v. Boone, 22 Tex. 193, 197 (1858); Flatonia State Bank v. Southwestern Life Ins. Co., 133 Tex. 243, 127 S.W.2d 188, 192 (1939)[1]; 37 Tex.Jur.2d, Limitation of Actions, § 98, at 249 (1962); Griffith v. Associated Employers' Reciprocal, 10 S.W.2d 129, 131 (Tex.Civ.App.—Eastland 1928, no writ); Shirley v. Waco Tap R. Co., 78 Tex. 131, 10 S.W. 543 (1889); Berry v. Humble Oil & Refining Co., 205 S.W.2d 376, 385–386 (Tex.Civ. App.—Waco 1947, no writ).

██ In *Berry* the court qualified the holding by indicating that the plea of limitation might be overcome by alleging and proving an "excusable reason" for not having brought his suit within the limitation period. To the same effect see also Chambers v. Shaw, 23 Tex. 165 (1859) and Flatonia State Bank v. Southwestern Life Ins. Co., 133 Tex. 243, 127 S.W.2d 188, 128 S. W.2d 790 (1939). The explanation must be of a nature sufficient to show that the abandonment was not in fact voluntary. The only explanation offered by Irwin was that the trial judge had indicated at a hearing in chambers that he was going to rule against Irwin on several matters then presented. Irwin of course had a right to assign those rulings as error on appeal after trial of the case, but he apparently considered it to his advantage from a tactical standpoint to take a nonsuit instead. This in our opinion is not an "excusable reason" and does not make the nonsuit involuntary.

██ Therefore, under the view most favorable to Irwin, the four-year statute began running on June 29, 1967 (when the intervention was involuntarily dismissed) and it ran without interruption until June 29, 1971, which was one year and five months before the present suit was filed. The plea of limitations was therefore a valid defense, established as a matter of law by the undisputed summary-judgment evidence.

Our foregoing conclusions require that the judgment be affirmed unless we sustain Irwin's first point of error, complaining of the denial of his motion for discovery and his motion for continuance, or his second point of error in which he complains of the overruling of his motion to strike.

### The Motion for Discovery

By this motion, filed under Texas Rules of Civil Procedure, rule 167, Irwin sought an order compelling Basham to produce for inspection and copying certain of his records; viz., all sales schedules and income tax returns since January 1, 1963 and records showing land on hand. As "good cause" for such an order Irwin alleged generally that he did not have copies of such records and that without them he could not fully prepare and present his case.

██ In our opinion the court properly denied this motion. In the first place no good cause therefor, as required by Rule 167, was shown. No facts were either pleaded or proved that such good

---

1. On rehearing the former judgment reversing and remanding was changed to one reversing and rendering. Flatonia State Bank v. Southwestern Life Ins. Co., 133 Tex. 243, 128 S.W.2d 790 (1939). This does not affect the holding for which the case was cited above.

cause existed. A party does not show himself entitled to a discovery order simply by asking for it. A mere conclusion in the motion as to the need for discovery is not sufficient. Sufficient facts must be alleged to enable the trial court to see the need as well as the materiality of what is sought. Moreover, such facts must be proved; the granting of such a motion is not automatic upon request. Texhoma Stores, Inc. v. American Central Ins. Co., 424 S.W.2d 466 (Tex.Civ.App.—Dallas 1968, writ ref'd n. r. e.); Johnson v. Logwood, 430 S.W.2d 679 (Tex.Civ.App.—Texarkana 1968, writ ref'd n. r. e.).

■ In the second place it was shown that in the first suit, wherein he intervened on June 1, 1967, Irwin sought and obtained permission to examine Basham's records and spent more than a week in doing so, and that in the third suit he took the oral depositions of both Basham and his accountant. He thus examined or had the opportunity to make whatever scrutiny of Basham's books and records he desired. His motion fails to show a need for information in addition to that already obtained by the previous discovery. To allow a repetition now would constitute unreasonable harassment.

### The Motion for Continuance

■ The basis of this motion, filed two days before the date of hearing of Basham's motion for summary judgment, was that the court had not yet ruled on the aforesaid motion for discovery. Since we hold that the motion for discovery was properly denied, no error appears in the overruling of the motion for continuance.

The first point of error is overruled.

### The Motion to Strike

Irwin in his brief states that this second point of error presents basically the same complaint asserted in the first. We have overruled that point and now overrule this one on the same grounds and for the same reasons. Most of the motion to strike is directed at certain words used by Basham in his affidavit attached to his motion for summary judgment. We have carefully read the motion to strike and the affidavit to which it is directed and see no reversible error in the ruling. The second point of error is overruled.

Affirmed.