**Elbert L. SHAW, Appellant,**

v.

**Shirley CORCORAN, Appellee.**

**No. 12762.**

Court of Civil Appeals of Texas, Austin.

July 19, 1978.

Frank Roberts, Piperi, Roberts & Morris, Killeen, for appellant.

William P. Gibson, Gibson & Looney, Killeen, for appellee.

SHANNON, Justice.

The issue is whether appellee's claim for partition of her community interest in her former husband's military retirement benefits is barred by limitations. Because the claim is barred, we will reverse the judgment.

Appellee Shirley Corcoran sued appellant Elbert L. Shaw in the district court of Bell County for partition of Shaw's military retirement benefits. Shaw's defense was, in part, that Corcoran's claim was barred by the two-year or the four-year statute of limitations. Tex.Rev.Civ.Stat.Ann. art. 5526 and 5529 (1958). Shaw also filed a cross-action praying that Corcoran be required to pay child support for two minor children. Upon trial to the court, judgment was entered awarding Corcoran thirty-two percent interest in the military retirement benefits as her community property. The judgment also provided that Corcoran pay $50.00 each month in child support.

The statement of the facts was agreed. Tex.R.Civ.P. 378. The parties were married in 1953 and were divorced in 1967. Shaw served in the United States Army before and during his marriage to Corcoran and for a short time after their divorce. The divorce judgment made no mention of retirement benefits. Shaw retired from the Army on November 1, 1970, and he has received monthly retirement payments since November 30, 1970. After Shaw refused to pay to Corcoran any part of the retirement payments, she filed suit in November, 1970, in the district court of Bell County for partition of her interest in the benefits. Shaw was served and he made an appearance. Corcoran did not pursue her suit and it was dismissed for want of prosecution on May 16, 1975. Corcoran refiled her suit for partition of the retirement benefits on May 12, 1977.

Shaw's single point of error is that Corcoran's claim for partition was barred by limitations. Corcoran did not file a cross-point complaining of the award of child support.

Military retirement benefits are community property even though at the time of the divorce the benefits have not matured and are not subject at that time to possession and enjoyment. *Cearley v. Cearley,* 544 S.W.2d 661 (Tex. 1976); *Taggart v. Taggart,* 552 S.W.2d 422 (Tex. 1977). If the divorce judgment does not provide for division of such retirement benefits, the parties become tenants in common in the benefits with right to partition. *Busby v. Busby,* 457 S.W.2d 551 (Tex. 1970). Accordingly, after the divorce Corcoran was a tenant in common with Shaw in those retirement benefits which accrued during her marriage to Shaw.

Shaw's repudiation, in the autumn of 1970, of Corcoran's right to share in the retirement benefits, set in operation the statute of limitations. See *Dessommes v. Dessommes,* 543 S.W.2d 165 (Tex.Civ.App. 1976, writ ref'd n. r. e.). By May 12, 1977, Corcoran's claim for partition of her interest was barred by either the two-year or four-year statute of limitations unless Corcoran's filing of the first suit interrupted the running of the statute.

The filing of suit and the diligent issuance and service of citation toll the running of the statute of limitations. *Rigo Manufacturing v. Thomas,* 458 S.W.2d 180 (Tex. 1970). Although the filing of suit and service of citation interrupt the running of the statute, its dismissal for want of prosecution will have the same effect as if the suit had never been filed. *Shields v. Boone,* 22 Tex. 193 (1858); *Chambers v. Shaw,* 23 Tex. 165 (1859); see *Primative Baptist Church v. Fla-Tex Corporation,* 158 S.W.2d 549 (Tex.Civ.App. 1942, writ ref'd w. o. m.). Because Corcoran's first suit was dismissed for want of prosecution, that suit did not interrupt the running of the statute of limitations. Corcoran's claim for partition, then, was barred by May, 1977.

That part of the judgment awarding Corcoran an interest in the retirement benefits is reversed and judgment is here rendered that Corcoran take nothing.