Sam CRUSE, Appellant,

v.

Ruth CRUSE, Appellee.

No. 1843.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Sept. 20, 1978.

Rehearing Denied Oct. 11, 1978.

W. B. Irwin, Jr., Galena Park, for appellant.

Roy W. Moore, Houston, for appellee.

J. CURTISS BROWN, Chief Justice.

This is an appeal from a judgment partitioning military retirement benefits that had not been divided during the parties' prior divorce proceedings.

Sam Cruse (appellant) and Ruth Cruse (appellee) were divorced on February 8, 1971, after nearly twenty-five years of marriage. The division of property provision of the divorce judgment granted appellee 37½% of appellant's military retirement income which had "vested and accrued",[1] if any, at the time of the divorce. The remaining 62½% of the military retirement income so "vested and accrued," if any, at the time of the divorce, was awarded to the appellant. Both parties to this appeal concede that the appellant's military retirement benefits did not "vest" until September 17, 1971, more than seven months after the rendition of the judgment of divorce.

Appellee filed a contempt motion in December, 1971, in which she alleged that appellant failed to give her 37½% of the military retirement benefits that he had received since October, 1971, as he was required to do by the divorce judgment. The trial court dismissed the contempt motion in

February, 1972. Appellee thereafter filed a motion for judgment nunc pro tunc. That motion was denied in May, 1972.

The appellee instituted this lawsuit on April 18, 1977, more than six years after the rendition of the judgment of divorce. She alleged, in her second amended petition, that no partition was made of the appellant's military retirement benefits in the judgment of divorce, that she and appellant were and are tenants in common with respect to the retirement benefits, and that she is therefore entitled to an accounting and partition of all benefits paid to the appellant since October, 1971. The trial court granted judgment for the appellee and awarded her $7,742.25, plus postjudgment interest thereon, and her share of the benefits which had been paid appellant in the two years prior to the institution of the lawsuit.[2] The court ruled that appellee's claim for retirement benefits paid more than two years before the institution of this suit was barred by the statute of limitations. *See* Tex.Rev.Civ.Stat.Ann. art. 5526 (1958). The court also designated appellant as constructive trustee of the retirement benefits to be paid in the future and directed him to deliver 37½% of all future benefit payments to appellee as those benefits are received. In his appeal from the trial court's judgment, appellant has assigned four points of error. Appellee has assigned three cross points.

Appellant contends, in his first three points, that the trial court erred in failing to hold that the appellee's suit was a collateral attack on the final judgment of divorce and on the decisions on the motions for contempt and for judgment nunc pro tunc. Appellant asserts that the trial court erred, therefore, in failing to hold that appellee's suit was barred by res judicata and collateral estoppel. The doctrine of res judicata bars the relitigation of all issues *con-*

---

1. The court that granted the divorce used this phrase prior to the decision in *Cearley v. Cearley*, 544 S.W.2d 661 (Tex.Sup.1976), wherein our supreme court distinguished the terms "accrued," "matured," and "vested." *Id.* at 664 n.4.

2. The trial court found that appellee had received $47,122.00 in benefits at the time of trial.

nected with a cause of action or defense that were actually tried in a former suit between the same parties or which, with diligence, should have been tried in that former suit. *Abbott Laboratories v. Gravis*, 470 S.W.2d 639 (Tex.Sup.1971). The doctrine of collateral estoppel bars the relitigation, in a subsequent suit between the same parties *upon a different cause of action*, of fact issues actually litigated and essential to a prior judgment. *Benson v. Wanda Petroleum Co.*, 468 S.W.2d 361 (Tex.Sup. 1971).

In order to determine whether appellee's suit is an impermissible attack on the prior judgment of divorce, we must consider the nature of the claim asserted in that suit. Appellant's military retirement benefits constituted

> a contingent interest in property and a community asset subject to consideration along with other property in the division of the estate of the parties under Section 3.63 of the Family Code.

*Cearley v. Cearley*, 544 S.W.2d 661, 666 (Tex.Sup.1976). The failure[3] of the court that rendered the judgment of divorce to consider and divide that contingent interest did not amount to a holding that the appellee was not entitled to share in the appellant's retirement benefits. Rather, as in any case where the judgment of divorce fails to divide certain community property, the husband and the wife became tenants in common thereof. *Busby v. Busby*, 457 S.W.2d 551 (Tex.Sup.1970). Appellee's suit for a partition of the undivided community property, (the military retirement benefits) therefore, is not an impermissible collateral attack on the judgment of divorce that is barred by res judicata or collateral estoppel. *Id.*

Nor does appellee's suit constitute a collateral attack of the decisions on the motions for contempt and for judgment nunc pro tunc. The only issue before the court in the contempt hearing was whether appellant had violated the terms of the

court's order, *see Ex parte Werblud*, 536 S.W.2d 542 (Tex.Sup.1976), but the judgment of divorce did not order the appellant to pay to the appellee any portion of the parties' contingent interest in the military retirement benefits. The sole issue before the court on the motion for judgment nunc pro tunc was whether the judgment of divorce contained a clerical error. *See Finlay v. Jones*, 435 S.W.2d 136 (Tex.Sup.1968). Whether appellee was entitled to a partition of the contingent interest in the military retirement benefits, therefore, was not litigated and could not have been litigated during the hearing on either motion. Hence, appellee's claim is not barred by res judicata or collateral estoppel.

Appellant asserts, in his fourth point, that the trial court erred in failing to sustain his plea of limitations. He claims, in this regard, that the appellee's cause of action for the partition of the military retirement benefits arose no later than December, 1971, when she filed the contempt motion because her filing of that motion shows that she then had notice that he was repudiating her rights as a cotenant. *See Irwin v. Basham*, 507 S.W.2d 621 (Tex.Civ. App.—Dallas 1974, writ ref'd n. r. e.). More than four years had passed between that time and the filing of the present lawsuit; therefore he asserts that the appellee's claim is barred by article 5529 of Texas Revised Civil Statutes, which provides:

> Every action other than for the recovery of real estate, for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same shall have accrued and not afterward.

Tex.Rev.Civ.Stat.Ann. art. 5529 (1958).

We agree with appellant that the statute of limitations begins to run against a cotenant only when another cotenant gives notice of a repudiation of the cotenancy. *Wingo v. Rudder*, 103 Tex. 150, 124 S.W. 899 (1910); and, *Irwin v. Basham*, 507 S.W.2d 621 (Tex.Civ.App.—Dallas 1974,

---

**3.** This "failure" was entirely understandable, since trial courts were first authoritatively advised that unmatured retirement benefits were subject to division in 1976. *See Taggart v. Taggart*, 552 S.W.2d 422, 424 n.1 (Tex.Sup. 1977).

writ ref'd n. r. e.). However, we reject appellant's contention that appellee received notice of repudiation when she filed the contempt motion in December, 1971. The record reveals that through the contempt and nunc pro tunc actions, appellee established only that she was not entitled to retirement benefits under the prior divorce decree. We distinguish the present case from the situation recently confronted in *Shaw v. Corcoran,* 570 S.W.2d 96 (Tex.Civ. App.—Austin 1978, not yet reported). In that case parties divorced in 1967 and the divorce judgment made no mention of the husband's contingent military retirement benefits. In November, 1970, when the benefits vested and became payable, the husband refused to acknowledge the wife's interest and the wife brought suit for partition. That suit was dismissed for want of prosecution in 1975. The Austin Court held that the cotenancy was repudiated by the husband in 1970, and that the statute of limitations began to run at that time. In *Shaw* the husband's refusal to acknowledge the wife's interest and the prior partition action were ample evidence reflecting a repudiation of the cotenancy. However, as noted above, the prior actions in the present case involved "vested" benefits, and were not concerned with contingent retirement benefits.

Nor can it be stated that the statute of limitations began to run on December 15, 1976, the date our Supreme Court announced its decision in *Cearley.* On that date, appellee may have first learned of her rights in unmatured benefits; but no controversy existed over the benefits until she filed this suit. *Dessommes v. Dessommes,* 461 S.W.2d 525, 527 (Tex.Civ.App.—Waco 1970, writ ref'd n. r. e.). There being no evidence of a repudiation of the cotenancy in the record, we conclude that the statute of limitations does not bar any of the appellee's recovery in this case. Appellant's fourth point of error is therefore overruled.

Appellee contends, in her first cross point, that the trial court erred in holding that she was barred by limitations from recovering any portion of military retirement benefit payment made more than two years prior to the filing of this action. We sustain this cross point for reasons already stated.

In her second and third cross points, appellee argues that the trial court improperly calculated the amount of retirement benefits to which she was entitled. Appellant served in the United States Navy for 310 months. The parties were married during 255 of those 310 months. Appellee was therefore entitled to ½ of 255/310 (41%) of those benefits, rather than the 37½% of the benefits that she was awarded by the trial court. *See Taggart v. Taggart,* 552 S.W.2d 422 (Tex.Sup.1977). We therefore sustain her second and third cross points.

Appellee's second and third cross points having been sustained, the judgment of the trial court is reformed and we award appellee $19,320.02 as her share of the reitrement benefits received by appellant up until the time of trial ($47,122.00), and we further order that appellant shall, upon receipt of all military retirement benefits in the future, immediately deliver 41% of said retirement benefits, by United States mail, to appellee at her then current place of residence. As so reformed, the judgment is affirmed.

Reformed and affirmed.