Lorraine A. SPENCER, Appellant,

v.

Ralph P. SPENCER, Appellee.

No. 6810.

Court of Civil Appeals of Texas,
El Paso.

Oct. 17, 1979.

Gerald J. Smith, El Paso, for appellant.

Miranda & Boyaki, Ralph Miranda, Walter L. Boyaki, El Paso, for appellee.

## OPINION

WARD, Justice.

The wife has appealed from a divorce decree complaining that the trial Court abused its discretion in dividing the property. Her main point on appeal concerns the award to the husband of her separate property interest in the husband's military retirement benefits. We will sustain this point.

The case was tried by the Court without a jury. Findings of fact were neither requested nor filed; however, no dispute exists as to certain of the events which are now recited. The parties were married the first time in 1948. The husband had served in the Army from 1935, and he retired from that service in 1957 and began receiving his military retirement benefits. The parties were then divorced in June, 1959, but the retirement benefits were neither mentioned in the property settlement agreement nor in the subsequent divorce decree. The parties then remarried in December, 1960, and the present divorce, which is now on appeal, was granted in 1978.

At the time of the present divorce, the husband's service retirement amounted to $673.00 a month. The husband was 61 years of age, had worked for civil service for almost 20 years, and was earning over $15,000.00 a year. He would become eligible for retirement from civil service in December, 1978, and, in the event he retired, his civil service pension would amount to about $400.00 a month. The parties have been separated at least since 1964, although that date is in dispute. The husband has always lived in El Paso, but in 1968 the wife moved to California. She has always done office work and has earned amounts from $4,000.00 to $7,000.00 a year. At the time of the divorce, she was 59 years of age, and eventually she will become eligible for social security benefits. By the property division, each party was awarded all the household furnishings, apparel and personal property subject to their control. The husband received a 1969 automobile that he had purchased and the wife received 1973 and 1968 automobiles which she had purchased. The husband was awarded one Government Life Insurance Policy in the amount of $5,000.00 on his life, and the wife was awarded another $5,000.00 Government Life Insurance Policy on the husband's life. She was forever to remain the sole beneficiary of that policy. Each party was ordered to pay respective debts that each had incurred—$7,000.00 to the husband which were primarily owed to various loan companies, and $2,800.00 to the wife which she had accumulated. The husband was awarded all of the Army retirement benefits, and if and when he retired from civil service the wife was to receive $200.00 per month of the civil service pension. Any social security benefits that the wife was to receive were awarded to her. The one child of the first marriage had long since become of age, and therefore care of minor children was not before the Court.

The parties agree that at the time of their divorce in 1959 they then became tenants-in-common of the military retirement benefits, since the judgment was silent as to that asset. *Busby v. Busby*, 457 S.W.2d 551 (Tex.1970). Based on the formula that has become recognized, approximately 25% of the retirement benefit belonged to the

wife. *Taggart v. Taggart*, 552 S.W.2d 422 (Tex.1977). This interest in the retirement was her property, and therefore became her separate property at the time of her remarriage in 1960 since it was owned by her before that marriage. Section 5.01, Tex. Family Code Ann. (1975).

■■ Under the present divorce decree, the Court roughly divided the community property and ordered each party to pay the debts that each party had created. However, it then awarded the separate property of the wife to the husband, and her complaint is that the Court's discretion did not extend that far in the absence of facts which would make that invasion just and right under the circumstances. A court, under Section 3.63 of the Family Code, can invade the separate personal property of one spouse for the benefit of the other when necessary to a just and fair division. That rule was discussed in *Muns v. Muns*, 567 S.W.2d 563 (Tex.Civ.App.—Dallas 1978, no writ), and *Eichelberger v. Eichelberger*, 557 S.W.2d 587 (Tex.Civ.App.—Waco 1977, writ dism'd). The separate personal property of each spouse should be restored to the respective owner in the absence of circumstances justifying an invasion of one spouse's separate personal property. That invasion can occur only when it is proper to do so to effect a division that is "just and right under the circumstances." *Muns v. Muns*, supra; *Trader v. Trader*, 531 S.W.2d 189 (Tex.Civ.App.—San Antonio 1975, writ dism'd). Separate personal property of one spouse cannot be awarded to the other merely to equalize their comparative wealth. However, in the exercise of the court's discretion, the court may consider, among other things, the age and the physical condition of the parties, the relative need for future support, fault in breaking up the marriage, disparity of the earning power of the parties, as well as their business opportunities, capacities and abilities. See *Dietz v. Dietz*, 540 S.W.2d 418, 420 (Tex.Civ.App.—El Paso 1976, no writ). Under the record, the equities appear to be with the wife. She earns at most $625.00 per month, and with his Army pension he receives some $1,940.00 per month. After he retires, he should expect to receive about $1,074.00 per month. The wife's only hope for retirement is from social security benefits. After her divorce, she will lose her military medical benefits and will have to pay her own medical bills. Here, the properties of any substantial value were the two pensions discussed.

■■ The husband's main argument is that, while the wife may have had an interest in his Army retirement, she failed to exercise her right for almost twenty years and she is now barred by the statute of limitations. Pleading aside, examination of the evidence shows no repudiation of the co-tenancy which was created. The statute of limitations can only begin to run against one co-tenant when the other co-tenant gives notice of a repudiation of a co-tenancy. We find no basis for the application of the statute of limitations in this case. *Cruse v. Cruse*, 572 S.W.2d 68 (Tex.Civ.App. Houston [14th Dist.] 1978, writ ref'd n. r. e.). Under the facts as presented, we conclude that an abuse of discretion has been shown.

Having concluded that the division of the property constituted an abuse of discretion as far as the wife's separate personal property was concerned, the judgment of the trial Court is reversed and the case is remanded to the trial Court, but only insofar as the determination and disposition of property is concerned. That portion which is reversed is ordered severed from that part of the judgment which grants the divorce and disposes of attorney fees for the first trial, and that portion which grants the divorce and disposes of attorney fees is now affirmed. The affirmance of attorney fees as determined by the trial Court is without prejudice to the parties to seek attorney fees in any further proceedings. All costs are adjudged against the Appellee.