Jack B. TRAHAN, Appellant,

v.

Emma J. TRAHAN, Appellee.

No. 8808.

Court of Civil Appeals of Texas, Texarkana.

Nov. 18, 1980.

Rehearing Denied Dec. 16, 1980.

Samuel D. McDaniel, McDaniel & Travis, Austin, for appellant.

Philip C. Friday, Austin, for appellee.

HUTCHINSON, Justice.

This case involves the division of military retirement benefits paid and being paid to appellant, Jack F. Trahan, since the divorce of himself and appellee, Emma J. Trahan.

The case was tried before the court upon an agreed statement of facts and the testimony of the two parties. Findings of fact and conclusions of law were made and filed.

Appellant entered military service on July 3, 1941, and married appellee on September 4, 1943. He was in the inactive

reserve from September 10, 1949, until June 9, 1953, when he was recalled to active duty. The parties were first divorced on January 22, 1963, and appellant retired from the service on April 30, 1965, and has been receiving military retirement benefits since that time. The parties were remarried on October 28, 1970, and again divorced on May 7, 1971. This suit was instituted on February 14, 1977. Appellant had received the sum of $111,558.90 in gross retirement pay since his retirement through the month of December 1978, at which time he was receiving the gross sum of $1,026.20 monthly. During the time of appellant's active duty, he and appellee were married for 15 years and 7 months. Appellant was not eligible for retirement on the date of the first divorce and appellee never sought any interest in the retirement benefits until this suit was filed. It was stipulated and the court found that appellee never received any of the retirement benefits, that she knew appellant began drawing the benefits upon his retirement in April of 1965, and that appellant had spent all of the retirement pay received between April 30, 1965 and February 14, 1977. The court concluded that 77.92% of the retirement pay was community property which was not considered at either divorce proceeding, that the parties own the benefits as tenants in common, that appellee is entitled to 38.96% of both the benefits accrued to date and those which will be paid in the future, that appellee is entitled to interest on the accrued benefits received by appellant, that appellant is entitled to an offset to account for income taxes paid by him, and that appellant is a constructive trustee for the use and benefit of appellee with respect to the retirement pay.

Judgment was entered for appellee in the sum of $47,504.22, together with interest thereon at the rate of 9% per annum. This sum was arrived at, as set forth in the judgment, by ascertaining 38.96% of appellant's retirement pay received by him between April 30, 1965, and December 31, 1978, plus interest thereon at the rate of 6% per annum, less the amount of Federal Income Tax which appellee would have been obligated to pay upon her share of the benefits. The judgment further provided that appellee recover from appellant 38.96% of all future payments of his retirement paid, including any cost of living increases which may be granted, together with interest on any amount not paid over to appellee within 30 days of its receipt by appellant at the rate of 9% per annum. The judgment contained a finding by the court that appellant is a constructive trustee with respect to the retirement pay and ordered him to instruct the appropriate office of the United States Air Force to pay 38.96% of appellant's retirement pay, including any cost of living increases, directly to appellee, together with the sum of $275.00 per month beginning on January 1, 1979. This $275.00 per month payment is to continue until the sum of $47,504.22, together with the provided interest, is paid, all such payments to be credited against the judgment, but not to bar the issuance of execution for any unpaid balance. The judgment further provided that in the event the appellant failed or refused to instruct the United States Air Force to make such payments or if the United States Air Force failed or refused to do so, then appellant would make such payments into the registry of the trial court for remittance to appellee.

Appellant, by his first point of error, asserts that the trial court erred in failing to find that appellee's claim was barred by either the two or four year statute of limitations (Tex.Rev.Civ.Stat.Ann. arts. 5526 and 5529). In doing so, it is recognized that if appellee had an interest in the retirement benefits at the time of the 1963 divorce, the parties thereafter held the property interest as tenants in common. *Busby v. Busby*, 457 S.W.2d 551 (Tex.1970); *Ex parte Williams*, 160 Tex. 314, 330 S.W.2d 605 (1960); *McDaniel v. Thompson*, 195 S.W.2d 202 (Tex.Civ.App.-San Antonio 1946, writ ref'd). As a tenant in common, appellant's possession must be presumed to be in right of the common title. *Todd v. Bruner*, 365 S.W.2d 155 (Tex.1963); *Poenisch v. Quarnstrom*, 361 S.W.2d 367 (Tex.1962). The statutes of limitations could not be

successfully used by appellant as a defense unless he clearly proved that he had repudiated appellee's title and had notified her of such repudiation. *Todd v. Bruner*, supra; *Irwin v. Basham*, 507 S.W.2d 621 (Tex.Civ. App.-Dallas 1974, writ ref'd n. r. e.). It is now clear that at the time of the 1963 divorce, appellee owned a share of appellant's retirement benefits, if, as, and when such benefits were received. *Cearley v. Cearley*, 544 S.W.2d 661 (Tex.1976). This interest was retained by her as her separate property upon her remarriage to appellant and the nature of her ownership was not changed by the second divorce. *Spencer v. Spencer*, 589 S.W.2d 174 (Tex.Civ.App.-El Paso 1979, no writ). Thus, unless appellant proved as a matter of law that he repudiated appellee's right as a tenant in common, the trial court's implied finding that he failed to show such a repudiation must stand. Tex.R.Civ.P. 279. Mere knowledge on the part of the appellee of the existence of such benefits and their receipt by appellant and her right to a portion thereof, plus the passage of time, are not sufficient as such to start the running of the statute of limitations. *Spencer v. Spencer*, supra; *Yeo v. Yeo*, 581 S.W.2d 734 (Tex.Civ.App.-San Antonio 1979, writ ref'd n. r. e.); *Cruse v. Cruse*, 572 S.W.2d 68 (Tex.Civ.App.-Houston [1st Dist.] 1978, writ ref'd n. r. e.). The holdings of these cases amply support the trial court's determination of this issue.

■ Appellant next asserts appellee did not have a cause of action because under federal law military retirement benefits are not community property subject to division by a Texas divorce court. In support of such assertion, appellant relies upon the case of *Hisquierdo v. Hisquierdo*, 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1 (1979), which dealt with the division of benefits payable under the Railroad Retirement Act rather than military retirement benefits. There the United States Supreme Court held that benefits payable under the Railroad Retirement Act and the expectation of receiving future benefits under the Act are not subject to division by a state court as "property" upon divorce. This holding has been recognized and followed in Texas. *Eichel-*

*berger v. Eichelberger*, 582 S.W.2d 395 (Tex.1979). In *Perez v. Perez*, 587 S.W.2d 671 (Tex.1979), it was held that military readjustment benefits are not community property under Texas law and in *Ex parte Johnson*, 591 S.W.2d 453 (Tex.1979), it was held that disability compensation benefits for service-connected disability are not to be treated as "property" and that future benefits are not subject to division upon divorce as property. However, military retirement benefits under Texas law are clearly community property subject to division on divorce. *Taggart v. Taggart*, 552 S.W.2d 422 (Tex.1977); *Cearley v. Cearley*, supra; *Busby v. Busby*, supra.

■ Appellant by his third point of error contends that this action is barred by the doctrine of res judicata. This contention is based upon the 1963 divorce decree which contains the following:

"... and the court having carefully considered and examined into the proposed property settlement agreement, and it being the opinion of the court, *and the court finding that all of the community property of parties is covered thereby,* and that proposed settlement is just, fair and equitable, and that same should be approved, it is accordingly ORDERED ADJUDGED AND DECREED ...". (Emphasis added.)

It is undisputed that the unvested retirement benefits were not considered by the parties nor by the court in the 1963 divorce proceeding. Thus, the case of *Busby v. Busby*, supra, is dispositive of this issue. There our Supreme Court held:

"Since this property was not partitioned at the time of the divorce, we hold that the judgment entered in the divorce did not preclude the plaintiff from seeking a partition of the undivided community property sought to be partitioned here...."

To the same effect and result are *Yeo v. Yeo*, supra; *Cruse v. Cruse*, supra; *Thibodeaux v. Thibodeaux*, 546 S.W.2d 662 (Tex. Civ.App.-Beaumont 1977, no writ); *Martin v. Flener*, 543 S.W.2d 756 (Tex.Civ.App.-

Tyler 1976, writ ref'd n. r. e.); *Thompson v. Thompson*, 500 S.W.2d 203 (Tex.Civ.App.-Dallas 1973, no writ).

■ Appellant next asserts that appellee's cause of action has been barred by the doctrine of laches. We do not agree. The question was addressed by the court in *Yeo v. Yeo*, supra, which correctly stated that one of the essential elements of laches is unreasonable delay in asserting legal or equitable rights and that no unreasonable delay can be charged until the cause of action matured on denial or repudiation of the sought interest. See also, *Dessommes v. Dessommes*, 505 S.W.2d 673 (Tex.Civ.App.-Dallas 1973, writ ref'd n. r. e.)

■ Appellant's final point of error asserts that the trial court erred in ordering him to apply $275.00 from *his share* of each future monthly retirement payment toward the payment of the $47,504.22 judgment, together with the provided for interest, providing however that such monthly payments would not bar the issuance of execution of any unpaid balance. We agree with this assertion. Appellee's reliance upon the holding in *Ex parte Preston*, 162 Tex. 379, 347 S.W.2d 938 (1961), is not convincing. There the court ordered the production and payment into the registry of the court of existing community funds in the possession of Mr. Preston and upon his failure to do so he was properly held to be in contempt. Here the appellee has a judgment which is enforceable by a general writ of execution, but not from a particular source or by a contempt of court proceeding. *Ex parte Yates*, 387 S.W.2d 377 (Tex.1965). The judgment of the trial court is therefore reformed to delete the portions thereof which require that $275.00 per month payment to be made out of appellant's share of the retirement benefits. As so reformed, the judgment of the trial court is affirmed.

Reformed and affirmed.