James H. POWELL, Appellant,

v.

Ruth Ann POWELL, Appellee.

No. 6310.

Court of Civil Appeals of Texas, Waco.

Aug. 6, 1981.

Rehearing Denied Sept. 4, 1981.

John L. Sandstedt, Sandstedt & Davis, Bryan, O. Shelton Coleman, Coleman & Ward, Garland, for appellant.

D. Brooks Cofer, Jr., Cofer, Edwards & Vance, Inc., Bryan, for appellee.

OPINION

JAMES, Justice.

This is a case wherein the divorced former wife of a retired military man seeks to establish a one-half interest in her former husband's military retirement pay.

James H. Powell and Ruth Ann Powell were married July 26, 1942, while he was in the military service. He had entered military service on December 3, 1940. Mr. Powell served in the U.S. Armed Forces continuously from the time of his entry therein, until December 31, 1960, since which last named date he has been retired and drawing military retirement benefits from the United States Government. The parties were divorced on February 2, 1965, in the 85th District Court of Brazos County in Cause Number 18,196–A. Said divorce judgment was silent as to any division of military retirement pay. The parties were legally married during 222 months of his 241 months of vested retirement time.

Ruth Ann Powell, Plaintiff-Appellee herein, brought this suit in the 85th District Court of Brazos County against her former husband James H. Powell seeking judgment for 46% of all the retirement pay Mr. Powell had received since the divorce, same being 46% of $116,852.88 or $53,752.32. In addition thereto, Plaintiff Mrs. Powell

sought a declaratory judgment to the effect that she was entitled to 46% of all of Mr. Powell's future retirement benefits.

Trial was had before the court without a jury after which the trial court entered its judgment that Plaintiff Mrs. Powell recover $53,752.32 from Defendant, same being 46% of all retirement pay received by Defendant from the time of the divorce to date, plus 46% of all future retirement pay to be received by Defendant Mr. Powell from and after the date of judgment. The trial court's judgment contained specific findings of fact along the lines hereinabove stated.

Defendant-Appellant appeals upon five points of error; however, since we believe his fifth point is dispositive of the case, we will discuss only his fifth point. By said point of error, Appellant contends that the system of military retirement benefits established by the Congress pre-empts the State of Texas from treating military retirement pay as community property divisible upon divorce. In view of the recent decision of the United States Supreme Court in *McCarty v. McCarty*, (1981), —— U.S. ——, 101 S.Ct. 2728, 69 L.Ed.2d 589, we sustain Appellant's fifth point of error and thereby reverse and render the trial court's judgment to the end that Plaintiff-Appellee Ruth Ann Powell take nothing.

*McCarty* involved an Army colonel who, having served 18 of the 20 years required for military retirement with pay, filed a petition in the California Superior Court for dissolution of his marriage to the Appellee in that case. In his petition Col. McCarty requested that his military retirement benefits be confirmed to him as his separate property. The Superior Court held, however, that such benefits were subject to division as quasi-community property, and accordingly ordered McCarty to pay to Mrs. McCarty a specified portion of the benefits upon retirement. Under the dissolution decree, Mrs. McCarty was entitled to approximately 45% of Col. McCarty's retirement pay. The California Court of Appeal affirmed the Superior Court's judgment, rejecting Col. McCarty's contention that because the Federal scheme of military retirement benefits pre-empts state community property law, the Supremacy Clause precluded the trial court from awarding Mrs. McCarty a portion of his retired pay. The United States Supreme Court reversed the California Court of Appeal and held that the Federal law precludes a state court from dividing military retirement pay pursuant to state community property laws. Moreover, *McCarty* held that there is a conflict between the terms of the Federal military retirement statutes and the community property right asserted by Mrs. McCarty; that the military retirement system confers no entitlement to retired pay upon the retired member's spouse, and does not embody even a limited "community property concept"; that retired pay is the personal entitlement of the retiree; and that the application of community property principles to military retired pay threatens grave harm to "clear and substantial" Federal interests.

It may be pointed out that the Texas case of *Trahan v. Trahan* (Tex.Civ.App.Texarkana 1980) 609 S.W.2d 820, is a case wherein the divorced wife sought to establish a community interest in her former husband's military retirement pay. She was awarded a money judgment in the trial court which was affirmed by the Court of Civil Appeals subject to being reformed in an aspect not material here. In *Trahan* the husband contended that his ex-wife had no cause of action because under Federal law military retirement benefits are not community property subject to division by a Texas Court. The Court of Civil Appeals rejected this contention. On July 8, 1981, the Supreme Court of Texas granted a writ of error upon this point, which at this time is still pending.

It is our view that the U.S. Supreme Court's decision in *McCarty* is dispositive of the case at bar, and that Plaintiff-Appellee Mrs. Ruth Ann Powell is not entitled to any part of Mr. Powell's military retirement pay.

We therefore reverse the trial court's judgment and render judgment that Plaintiff-Appellee take nothing.

REVERSED AND RENDERED.