**James H. POWELL, Appellant,**

v.

**Ruth Ann POWELL, Appellee.**

**No. 10–84–184–CV.**

Court of Appeals of Texas,
Waco.

Feb. 28, 1985.

Rehearing Denied March 28, 1985.

Stay Denied March 31, 1986.
See 106 S.Ct. 1489.

Julie May Young, Davis & Davis, Bryan, for appellant.

John C. Hampton, D. Brooks Cofer, Jr., Inc., Bryan, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal from summary judgment decreeing appellee Ruth Ann Powell entitled to recover 46% of the disposable U.S. Air Force retired pay of appellant James H. Powell from and after July 1, 1981, to March 16, 1984, in the amount of $15,441.42; and 46% of appellant's disposable retired pay from and after March 16, 1984.

This is the second time this matter between these parties has been before this

court. See *Powell v. Powell,* CCA (Waco) NRE, 620 S.W.2d 253.

Appellant James H. Powell entered military service December 3, 1940. Appellant and appellee were married July 26, 1942. Appellant served continuously from December 3, 1940, in the military service until December 31, 1960, since which date he has been retired and drawing military retired pay from the United States government. The parties were divorced on February 2, 1965, in the 85th District Court in Brazos County. The divorce judgment was silent as to any division of the military retirement pay. The parties were married during 222 months of the 241 months of appellant's vested retirement time.

Appellee brought suit in 1979 against appellant seeking judgment for 46% of all retirement pay appellant had received since the divorce, and declaratory judgment that she was entitled to 46% of all appellant's future benefits.

On October 1, 1980, the trial court rendered judgment for appellee for 46% of all retirement pay received by appellant from the date of divorce to date of judgment, plus 46% of all future retirement pay.

Appellant appealed such judgment on 5 points asserting among other matters: 1) the parties were married July 16, 1942, in Illinois (where military retirement benefits are separate property) and lived in such state for nearly eight years; 5) the system of military retirement benefits established by Congress preempts the State of Texas from treating military retirement pay as community property divisible on divorce.

The court held point 5, supra, dispositive of the case, and following the mandate of the United States Supreme Court in *McCarty v. McCarty,* reversed the trial court's judgment and rendered judgment that appellee take nothing. *Powell v. Powell,* supra, on August 6, 1981. Rehearing was denied September 4, 1981, and the Texas Supreme Court refused application (NRE) for writ of error on December 1, 1981.

On September 8, 1982, the United States Congress passed the "Uniform Services Former Spouses Protection Act" (FSPA) which provides in pertinent part:

" * * * a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court".

On April 7, 1983, appellee Ruth Ann Powell filed this case in the 85th District Court in Brazos County, seeking recovery of 46% of the retirement benefits of appellant after June 26, 1981; and for declaratory judgment for 46% of said retirement benefits to accrue in the future. Appellant answered asserting, among other matters, appellee's claim was barred by res judicata in that on August 6, 1981, this court held appellee "not entitled to any part of [appellant's] military retirement pay". [citing 620 S.W.2d 253, NRE]; that the parties did not live in a community property state during eight years of their marriage; and that the trial court took the military retirement benefits into consideration in dividing the parties' property and setting child support payments in the original divorce decree.

Thereafter appellant moved for summary judgment that appellee take nothing, attaching copies of the trial court judgment of August 6, 1981; this court's judgment reversing such judgment and rendering judgment [appellee] take nothing; and the Supreme Court's order that application for writ of error be refused in such case. Appellee also moved for summary judgment for 46% of appellant's retirement pay from July 1, 1981, to date, plus decree that appellant be ordered to pay 46% of future retirement benefits to appellee.

Appellant filed opposition to appellee's motion for summary judgment asserting, among other matters, the prior case was res judicata of the present case; the parties were not domiciled in a community property state for the entire duration of their marriage which was a fact issue and [would affect the percentage of appellant's

military retirement pay appellee was entitled to, if any].

Attached to such opposition was appellant's affidavit that the parties lived in Illinois for nearly 8 years of their marriage; and that the retirement benefits were considered by the divorce court in 1965 in dividing the parties' property and in determining the amount of child support appellant was required to pay. Further attached was the affidavit of Honorable John L. Sandstedt, who represented appellant in the prior case between the parties, to the effect that in the prior case the defenses of residency of the parties [and other defenses] were not reached because the decision was predicated on [Point 5] and the United States Supreme Court's decision in *McCarty v. McCarty*, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589.

The trial court on October 2, 1984, overruled appellant's motion for summary judgment; found appellee "is entitled to recover under the Uniform Services Former Spouses Protection Act the disposable retired pay of [appellant] accruing from and after July 1, 1981"; and rendered summary judgment appellee recover 46% of the disposable retired pay accrued and accruing on behalf of appellant from and after July 1, 1981; calculated to March 16, 1984, to be $15,441.82; and further decreed appellee recover 46% of appellant's retirement pay after March 16, 1984.

Appellant appeals on 7 points.

1) The trial court erred in overruling [appellant's] motion for summary judgment based on the final judgment in *Powell v. Powell*, CCA (Waco) NRE, 620 S.W.2d 253, which bars appellee's suit under the doctrine of res judicata.

2) The trial court erred in granting [appellee's] motion for summary judgment based on the Uniform Services Former Spouses Protection Act because the act is not applicable to the parties in this case.

3) The trial court erred in granting [appellee's] motion for summary judgment because the FSPA as applied in this case takes appellant's property without compensation and without due process of law in violation of the 5th and 14th Amendments to the U.S. Constitution.

4) The trial court erred in overruling [appellant's] motion for summary judgment because the FSPA as applied in this case takes appellant's property without due process of law in violation of the 5th and 14th Amendments to the U.S. Constitution.

5) The trial court erred in granting [appellee's] motion for summary judgment because the Uniform Declaratory Judgment Act is inapplicable to the controversy in this case.

■ Res judicata will operate as a bar only to matters *actually* raised or that *could have* been raised in the previous litigation. *Abbott Laboratories v. Gravis*, S.Ct., 470 S.W.2d 639. As to matters which arise subsequently, the prior judgment will not be res judicata. *Fort Worth Stockyards Co. v. Brown*, CCA (Ft. Worth) NWH, 161 S.W.2d 549; *Franklin v. Rainey*, CCA (Dallas) NWH, 556 S.W.2d 583. Our Supreme Court expresses the rule thusly: "The judgment is res judicata only of present and not future conditions." *Cowling v. Colligan*, S.Ct., 158 Tex. 458, 312 S.W.2d 943.

■ The enactment by Congress of the FSPA created a new fact, a change in the law and a new cause of action. See also: *Muchard v. Berenson*, 307 F.2d 368; *State Farm Mutual Auto Ins. Co. v. Duel*, 324 U.S. 154, 65 S.Ct. 573, 89 L.Ed. 812; *U.S. v. Lubbock Ind. Sch. Dist.*, 455 F.Supp. 1223; *Colorado Co. Fed. S & L Assn. v. Lewis*, CCA (Austin) NRE, 498 S.W.2d 723.

■ The Declaratory Judgment Act provides a plenary remedy. *United Service Life Ins. Co. v. Delaney*, S.Ct., 396 S.W.2d 855. We think the act properly applicable here where a controversy exists as to the rights of parties under the FSPA and Texas law.

Appellant's points 1 through 5 are overruled.

6) The trial court erred in granting [appellee's] motion for summary judgment in that appellee's summary judgment proof did not establish appellee's entitlement to judgment as a matter of law.

7) The trial court erred in granting summary judgment because the FSPA and Judgment Act as applied to this case denies appellant due process and equal protection guaranteed by the 5th and 14th Amendments to the U.S. Constitution.

Appellant contends under these points that the trial court's award of 46% of appellant's retirement pay to appellee is unsupported by the summary judgment evidence; that his affidavits raise fact issues as to the correct percentage of appellee's entitlement [if any] by showing the parties lived some [8 or 13] years of the marriage in separate property states for which reason the amount of military retirement pay acquired by appellant while domiciled in a separate property state should be considered appellant's separate property.

We reject this contention. Our Supreme Court in *Cameron v. Cameron,* 641 S.W.2d 210 in an almost identical factual situation stated: "We recognize that property acquired in common law jurisdiction has historically been termed 'separate' property, but we hold that the property spouses acquire during marriage, except by gift, devise or descent should be divided upon divorce in Texas in the same manner as community property, irrespective of the domicile of the spouses where they acquire the property". In Cameron, entitlement to military retirement pay [and bonds] was all or part acquired while the spouses were living in separate property states. The Supreme Court rendered judgment awarding the wife her share of the military retirement pay, but only from June 25, 1981. Appellant contends his defense that the

trial court took the military retirement benefits into consideration when dividing the parties' property and fixing child support payments cannot be adjudicated here by summary judgment. The military retired pay was not divided or mentioned in or by the divorce decree in 1965. Thus the husband and wife became joint owners thereof. *Busby v. Busby,* S.Ct., 457 S.W.2d 551.

The trial court's judgment awarded appellee 46% of appellant's disposable retired pay from and after July 1, 1981, to March 16, 1984, and calculated same as being *$15,-441.82;* and further ordered appellant and the Secretary of the Air Force or his authorized agent to pay appellee 46% of all appellant's disposable retirement pay from and after March 16, 1984.

Appellant complains of the amount of the judgment and asserts it differs from the amount asked for in appellee's motion for summary judgment, and does not address the amount of actual taxes paid by appellant.

The FSPA defines "Disposable Retired Pay" as the total retired pay to which the member is entitled less [as pertinent here] amounts which are properly withheld for federal income tax purposes, are deducted as government life insurance premiums, and are deducted because of an election to provide for an annuity for a spouse.

The summary judgment record before us reflects in appellant's answers to appellee's interrogatories the amounts of retired pay received by appellant for the pertinent periods and the amounts withheld by the government for survivor's benefit, income tax and allotment for life insurance. The careful trial judge computed the judgment to $15,441.41, by deducting the survivor's benefit, federal income tax withheld and life insurance allotment from the total of the check appellant received.[1]

Points 6 and 7 are overruled.

AFFIRMED.

---

1. Appellee is probably entitled to 46% of the amount of the checks actually received by appellant because the survivor's benefit, income tax, and insurance allotment, have been withheld from appellant's total entitlement, and the check he receives represents his disposable retired pay, (which for the period involved we calculate to be $19,736.14), but appellee presents no point on this.