HESTER, Appellant,

v.

HESTER, Appellee.█

[Cite as *Hester v. Hester* (1996), 110 Ohio App.3d 727.]

Court of Appeals of Ohio,
Second District, Miami County.

No. 95–CA–64.

Decided May 3, 1996.

*David S. Jablinski,* for appellant.

*S. Richard Richman,* for appellee.

FAIN, Judge.

Petitioner-appellant Mary M. Hester appeals from the denial of her motion for an order granting her a portion of petitioner-appellee Frederick E. Hester's military retirement benefits. Mary Hester contends that the trial court erred when it concluded that it was without authority to alter the provisions in the parties' 1982 dissolution decree pertaining to the division of property.

We conclude that the trial court correctly determined that it was without authority to modify the provisions in the 1982 dissolution decree between the parties concerning the division of properties. Accordingly, the judgment of the trial court is affirmed.

I

The parties obtained a decree of dissolution in 1982. The decree approved, and incorporated by reference, the separation agreement between the parties. The separation agreement provided for the disposition of certain marital assets and certain marital debts, neither of which involved the retirement benefits of either party.

Paragraph 9 of the Separation Agreement provided as follows:

"MUTUAL RELEASES.

"That except as herein above otherwise provided, each party shall release the other from division of property, right of dower, right to act as administrator or executor in the estate of the other, right of distributive share in the other's estate, right of exemption in the estate of the other, or any other property rights, benefits or privileges accruing to either party by virtue of said marriage relationship, or otherwise, and whether the same are conferred by the statutory law or the common law of Ohio, of any other state or of the United States. It is the understanding between the parties that this agreement, except as otherwise provided herein, forever and completely discharges, settles, disposes of, and completely terminates any and all rights, claims, privileges and benefits that each now has or each may have reason to believe each has against the other, arising out of said marriage relationship or otherwise, and whether the same are conferred by the laws of the State of Ohio, of any other state, or of the United States, and which are now, or which may hereafter be, in force and effect."

In March 1995, Mary Hester filed a motion, the entire text of which is as follows:

"Now comes Petitioner, Mary M. Hester, who hereby moves this Court for an order granting her her portion of petitioner's, Frederick E. Hester's, military retirement benefits."

"Additionally, Petitioner Mary M. Hester respectfully requests an Order granting her any and all other benefits she may be entitled to as ex-spouse of one with military retirement benefits. Said benefits including, but not limited to, medical care, commissary, and base exchange privileges of any military installation in the United States or abroad."

The trial court denied Mary Hester's motion, determining that it was without authority to modify the terms of the property division set forth in the 1982 dissolution decree between the parties, in view of the fact that its jurisdiction to do so was not reserved in the dissolution decree. From the trial court's decision denying her motion, Mary Hester appeals.

## II

Mary Hester's first assignment of error is as follows:

"Whether the trial court erred in its failure to reopen appellant's final decree of dissolution because of lack of express jurisdiction."

In 1981, the United States Supreme Court decided *McCarty v. McCarty* (1981), 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589. In that case, the court held that military retirement pay is a personal entitlement of the retired serviceperson, and may not be divided with the serviceperson's spouse by a state court in a divorce or dissolution proceeding. The dissolution decree in the case before us was entered in February 1982, while *McCarty* was still good law.

In September 1982, Congress enacted the Uniformed Services Former Spouses Protection Act, Section 1408, Title 10, U.S.Code. Mary Hester appears to be relying upon Section 1408(c)(1), which provides as follows:

"Subject to the limitations of this section, a court may treat disposable retired pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court. A court may not treat retired pay as property in any proceeding to divide or partition any amount of retired pay of the member as the property of the member and the member's spouse or former spouse if a final decree of divorce, dissolution, annulment, or

legal separation (including a court-ordered, ratified, or approved property settlement incident to such decree) affecting the member and the member's spouse or former spouse (A) was issued before June 25, 1981, and (B) did not treat (or reserve jurisdiction to treat) any amount of retired pay of the member as property of the member and the member's spouse or former spouse."

Mary Hester contends that this federal statute overrides any state law to the contrary, and permits an Ohio court to consider the division of Frederick Hester's military retirement pay. We do not agree.

The second sentence of Section 1408(c)(1) provides that a state court may not divide military retirement pay if a final decree was issued before June 25, 1981, and did not divide the military retirement benefits, or reserve jurisdiction to do so. This sentence has no application to the dissolution decree in the case before us, because the decree was issued after June 25, 1981, and it neither divided Frederick Hester's military retirement pay nor reserved jurisdiction to do so.

The first sentence of Section 1408(c)(1) authorizes the division of military retirement pay for pay periods beginning after June 25, 1981, "in accordance with the law of the jurisdiction of such court." From the qualifying phrase it is clear that Congress did not intend to override state law in this regard, but intended to overrule *McCarty, supra,* by making it clear that state law could provide for the division of military retirement pay after June 25, 1981, without offending federal law.

In the case before us, the dissolution decree between the parties included a release of any interests that any party might then have or might thereafter have in the assets of the other. The dissolution decree did not reserve jurisdiction to modify its provisions with respect to the division of marital property, and the trial court was accordingly without jurisdiction to do so. *Leis v. Leis* (Sept. 20, 1995), Miami App. No. 94–CA–54, unreported, 1995 WL 559974.

Mary Hester cites *Powell v. Powell* (Tex.App.1985), 703 S.W.2d 434. In that case, it appears that there had been no provision in an original judgment and decree of divorce with respect to the division of military retirement pay. In the case before us, Paragraph 9 of the Separation Agreement waived the interest that either party would have in any existing or later-acquired assets of the other. Although Mary Hester has cited a number of other cases from around the country, we are not aware of any case in which the federal statute has been held to override provisions of state law precluding modification or reconsideration of

the terms of a dissolution decree in the absence of a reservation of jurisdiction to do so.

In our view, the trial court correctly determined that it was without authority to modify the provisions of the original dissolution decree pertaining to the division of property when that decree failed to reserve jurisdiction to do so. Mary Hester's first assignment of error is overruled.

### III

Mary Hester's second assignment of error is as follows:

"Whether the trial court erred in its finding that even if a remedy existed for appellant, the appellant waited much too long to move to reopen her final judgment and decree of dissolution."

Frederick Hester makes a compelling argument that Mary Hester's attempt to modify the terms of the dissolution decree, coming thirteen years after entry of the decree, is barred by the doctrine of laches, Mr. Hester having lived his life in reliance upon his assumption that his military retirement benefits would be his. However, we find it unnecessary to resolve this assignment of error in view of our disposition of Mary Hester's first assignment of error.

### IV

Mary Hester's first assignment of error having been overruled, the judgment of the trial court is affirmed.

*Judgment affirmed.*

BROGAN, P.J., and WOLFF, J., concur.