{¶ 28} I respectfully dissent from the majority's resolution of this appeal. I would find that the trial court did not abuse its discretion when it determined that sufficient doubt existed as to whether Spencer and Harmon intended to be married.
 {¶ 29} "In general, when reviewing the propriety of a trial court's determination in a domestic relations case, an abuse of discretion standard has always been applied." Ford v. Ford (Mar. 15, 2001), 8th District No. 77417, citing Booth v. Booth (1989),44 Ohio St.3d 142. Therefore, we should not disturb the trial court's ruling absent an abuse of discretion. To find an abuse of discretion, this court must find that the trial court committed more than an error of judgment. State v. Reed (1996), 110 Ohio App.3d 729, 752 citing State v.Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus.
 {¶ 30} While the trial court came to a conclusion different from what the majority concludes today, the inference that the trial court somehow acted unreasonably, arbitrarily or unconscionably in so doing is unfounded. There was ample evidence to support the trial court's determination that sufficient doubt existed as to whether the parties intended to be married when they began cohabitating. Further, Ms. Spencer failed to prove by clear and convincing evidence that the parties intended to be married prior to October 10, 1991. R.C. 3105.12 (B). All of the evidence presented and upon which the majority relies is related to later years in the relationship. I therefore would accord deference to the trial court and affirm its judgment.